UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GIOVONTAE JACKSON,

     Petitioner,                         Case No. 2:21-CV-12840

v.                                   U.S. DISTRICT COURT JUDGE
                                   GERSHWIN A. DRAIN

GARY MINIARD,

     Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Giovontae Jackson, ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(e), two counts of unlawful imprisonment, MICH. COMP. LAWS § 750.349b, and two counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Respondent filed a motion to dismiss the petition on the ground that it contains claims which have not been fully exhausted with the state courts. Petitioner filed a brief in support of the petition for a writ of habeas corpus, which is construed as a reply to the motion.

1

For the reasons that follow, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

## I. Background

Petitioner was convicted by a jury in the Oakland County Circuit Court.

The conviction was affirmed on appeal. *People v. Jackson*, No. 350522, 2021 WL 137635 (Mich. Ct. App. Jan. 14, 2021), *lv. den.* 507 Mich. 1006, 961 N.W.2d 186 (2021).

On November 29, 2021, petitioner filed a habeas petition, seeking habeas relief on the following grounds:

> I. Erroneous admission of defendant's October 2018 custodial interrogation statement at trial in violation of his *Miranda* rights.
>
> II. The prosecutor committed misconduct by commenting on defendant's post-arrest silence during closing arguments.
>
> III. Erroneous admission of the DNA evidence recovered from CM's underwear which violated defendant's due process rights.
>
> IV. Erroneous admission of defendant's May 2018 interrogation video in violation of his *Miranda* rights.

Respondent filed a motion to dismiss, on the grounds that petitioner's first and third claims were not fully exhausted in the state courts.

## II. Discussion

The petition is subject to dismissal. It contains two claims that were not fully exhausted with the state appellate courts.

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *see also Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner never raised Claim I, challenging the admission of his October 2018 custodial interrogation statement, or Claim III, challenging the admission of DNA evidence found on one of the victim's underwear, in the Michigan Court of Appeals, either in the appeal brief filed by appellate counsel or in the Standard 4 supplemental brief filed *pro se* by petitioner. (ECF No. 10-12, PageID.877-99, ECF No. 10-12, PageID.970-77). Petitioner raised these claims only for the first time in his application for leave to appeal to the Michigan Supreme Court. (ECF

3

No. 10-13, PageID.997-1001).  Petitioner, in fact, conceded in his application to the Michigan Supreme Court that these issues had not been raised in his appeal briefs before the Michigan Court of Appeals.

Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Petitioner failed to raise his first and third claims on his direct appeal with the Michigan Court of Appeals, thus, his subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x 543, 549 (6th Cir. 2006).

Petitioner in his reply brief acknowledges that he did not raise his first and third claims before the Michigan Court of Appeals but argues that exhaustion should be excused because his claims are meritorious and it would be a miscarriage of justice to require petitioner to properly exhaust his claims in the state courts rather than adjudicate these claims on the merits now and grant relief.

The miscarriage of justice exception to procedurally barred claims is essentially the same as the actual innocence standard.  The "fundamental miscarriage of justice" exception to a procedural bar is available only to a petitioner who submits new evidence showing that "a constitutional violation has

4

probably resulted in the conviction of one who is actually innocent." *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)(quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).   There is conflicting law on whether there is an actual innocence exception to the exhaustion requirement.   The Seventh Circuit has held that a habeas petitioner's actual innocence is a basis by which a federal court can relax the total exhaustion requirement for habeas petitions. *See Milone v. Camp*, 22 F.3d 693, 699-701 (7th Cir. 1994); *Compare Bentley v. Miniard*, No. 4:21-CV-10303, 2021 WL 963931, at *2 (E.D. Mich. Mar. 15, 2021)(Tarnow, J.)("there is no actual innocence exception to the exhaustion requirement when an available, effective state court remedy exists").

It is unnecessary to resolve whether there is an actual innocence exception to the exhaustion requirement, because petitioner failed to present any new evidence that he is actually innocent, so as to excuse exhaustion and consider his unexhausted claims on the merits at this time. *See, e.g., Lenoir v. Warden, S. Ohio Corr. Facility,* 886 F. Supp. 2d 718, 729 (S.D. Ohio 2012).

Petitioner also argues that this Court should not dismiss the petition on exhaustion grounds because the Court did not do so when it initially screened the habeas petition and instead directed respondent to file a response to the petition.

Petitioner is correct that a "district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts." *Rupert v. Berghuis*, 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008). Petitioner asserted in his petition that all four claims were exhausted on his direct appeal. (ECF No. 1, PageID.5–10). It was not clear from the face of the petition that any of the claims were unexhausted, thus, this Court had no basis at the time of screening to dismiss the petition on the basis of exhaustion.

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003). Petitioner can exhaust his claims by filing a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 with the Oakland County Circuit Court. *See Wagner v. Smith,* 581 F.3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is then required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

6

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims. *See Rhines v. Weber,* 544 U.S. 269 (2005).   Petitioner fails to allege cause for failing to properly exhaust his first and third claims; the Court dismisses the petition without prejudice rather than hold it in abeyance. *See, e.g., Jones v. Rapelje,* No. 2:08-CV-13286, 2009 WL 2143819, at *2 (E.D. Mich. July 13, 2009); *Phillips v. Burt,* No. 2:08-13032, 2009 WL 646651, at *3 (E.D. Mich. Mar. 10, 2009); *Atkins v. Metrish*, No. 06–12420, 2007 WL 2812302, at *3 (E.D. Mich. Sept. 26, 2007).

There is an equitable remedy available to Petitioner.   In *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718.   Since the *pro se* petitioner never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id*.   The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id*.   The Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

7

Petitioner promptly filed his petition for a writ of habeas corpus with this Court. Petitioner's claims are not plainly meritless. This Court adopts the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove.*

The petition is dismissed without prejudice. The one-year limitations period is tolled from November 29, 2021, the date Petitioner filed his petition, until Petitioner returns to federal court. This tolling of the limitations period is contingent upon Petitioner complying with the conditions indicated below in Section IV of the opinion.

### III. Conclusion

The Court dismisses the petition without prejudice.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken,

if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability; jurists of reason would not find it debatable that petitioner's claims are unexhausted. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV.  ORDER

**IT IS ORDERED** that**:**

(1) the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

(2) Petitioner is to exhaust his claims by filing a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 with the Oakland County Circuit Court. Petitioner must file his

6.500 motion within **thirty (30) days** from the date the instant order is filed. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Petitioner is then required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion.

(3) the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from November 29, 2021, the date that Petitioner filed his habeas application, until the time Petitioner returns to federal court to pursue habeas corpus relief, provided that Petitioner files a new habeas petition in the federal court under a new case number within **thirty (30)** days of the completion of his state post-conviction proceedings.

(3) petitioner is **DENIED** a certificate of appealability.

(4) petitioner is **DENIED** leave to appeal *in forma pauperis*.

SO ORDERED.

Dated: September 28, 2022                       /s/Gershwin A. Drain
                                                GERSHWIN A. DRAIN
                                                United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys on
September 28, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk